IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| H.P., a minor by her Father and Next, Friend, Erik Parker, and ERIK PARKER, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Case No. 21-cv-453-DWD |
| TIFFANY KELLEY, | )<br>)<br>) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

In this matter, Plaintiffs H.P., a minor, and her father, Erik Parker, allege violations of their procedural and substantive due process rights, and H.P.'s Fourth Amendment rights relating to H.P.'s removal from Parker's care for three months (Doc. 1). On February 18, 2022, the Court entered an order partially granting Defendant Kelley's motion to dismiss (Doc. 30).[1] The Court determined that H.P. and Parker's procedural due process claims, Parker's substantive due process claim, and H.P.'s Fourth Amendment claim survived dismissal under Fed. R. Civ. P. 12(b)(6) (Doc. 30). Defendant Kelley filed her Answer on April 4, 2022 (Doc. 34). With her Answer, Defendant Kelley asserted the defense of qualified immunity (Doc. 34, p. 13).

Now before the Court is Defendant Kelley's Motion for Leave to file an Amended Answer and Affirmative Defenses (Doc. 43). Defendant seeks leave to add the additional

---

[1] This Order also dismissed all claims asserted against Defendant Cynthia Draege.

1

affirmative defense of absolute immunity. ² Defendant's counsel avers that he recently took over this matter when Defendant's prior counsel ceased her employment with the Office of the Illinois Attorney General. Thereafter, Defendant's new counsel conducted a new review of the claims in this case and determined that the affirmative defense of absolute immunity applies in this matter.

Plaintiffs object to the Motion (Doc. 45). Plaintiffs complain that Defendant waited nineteen months after the commencement of this action to add this new affirmative defense. They also argue that Defendant has waived this defense because the alleged facts supporting the defense have been apparent from the filing of their Complaint. Indeed, the Complaint alleges that Defendant Kelley violated Plaintiffs' rights, in part, because Defendant Kelley lacked probable cause to file a petition for wardship against Parker and failed to include exculpatory facts, namely that H.P.'s injuries had not occurred while H.P. was in Parker's custody, in the court petition although Kelley was personally aware of those facts (Doc. 1; Doc. 30).

Immunity defenses, like other affirmative defenses which defendants bear the burden of proof, "may be deemed as waived if not properly and timely presented before the district court." *Walsh v. Mellas*, 837 F.2d 789, 799 (7th Cir. 1988). Rule 8 of the Federal Rules of Civil Procedure generally requires a defendant to plead affirmative defenses in its initial answer to a complaint. *See* Fed. R. Civ. P. 8(c). However, Fed. R. Civ. P. 15,

---

² The Seventh Circuit has extended the doctrine of absolute immunity to "social workers and like public officials . . . in child custody cases on account of testimony and other steps taken to present the case for decision by the court." *See Milchtein v. Milwaukee County*, 42 F.4th 814, 825 (7th Cir. 2022) (citing *Millspaugh v. Cnty. Dep't of Pub. Welfare of Wabash Cnty.*, 937 F.2d 1172 (7th Cir. 1991)).

which governs amendment of pleadings, permits district courts to exercise their discretion to allow the assertion of a new affirmative defense in an amended answer. *See, e.g.*, *Burton v. Ghosh*, 961 F.3d 960, 965–66 (7th Cir. 2020); *Williams v. Lampe*, 399 F.3d 867, 871 (7th Cir. 2005); *Jackson v. Rockford Hous. Auth.*, 213 F.3d 389, 393 (7th Cir. 2000).

In general, of course, leave to amend should be granted liberally under Rule 15. *See* Fed. R. Civ. P. 15(a); *Glover v. Carr*, 949 F.3d 364, 367 (7th Cir. 2020); *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792 (7th Cir. 2004). The rule reflects a policy that cases should generally be decided on the merits and not based on technicalities. *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). "On the other hand, Rule 15(a) is not a license for carelessness or gamesmanship. Parties to litigation have an interest in speedy resolution of their disputes without undue expense. Substantive amendments to [a pleading] just before trial are not to be countenanced and only serve to defeat these interests. The district court must consider the harm when deciding whether to grant leave." *Juracek v. City of O'Fallon, Illinois*, No. CIV. 05-787-GPM, 2007 WL 4225591, at *1 (S.D. Ill. Nov. 20, 2007) (citing *Feldman v. Allegheny Int'l, Inc.*, 850 F.2d 1217 (7th Cir. 1988)).

It is wholly within a district court's discretion to deny an amendment to the pleadings for delay and prejudice to the opposing party. *See Burton*, 961 F.3d at 965–66; *Jackson*, 213 F.3d at 393. Courts should allow amendment of a pleading except where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by prior amendments, undue prejudice to the opposing party, or futility of the amendment. *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010).

3

Here, there was a delay in the filing of Defendant's Motion for Leave. Moreover, Defendant's justification for the delay – that it was an oversight of her previous counsel – raises concerns of carelessness that Rule 15(a) does not easily excuse. Nevertheless, there has not been undue delay such that the motion should be denied. Although the Court is aware that a pleading at this late stage of the proceedings could cause prejudice to Plaintiffs considering the forthcoming discovery and dispositive motion deadlines, *see* Doc. 39, Plaintiffs did not specify what prejudice, if any, exists in their Objection (Doc. 45). Moreover, the Court finds that any potential prejudice can be easily cured by granting a brief extension of the current scheduling and discovery deadlines.

For these reasons, Defendant's Motion for Leave to Amend (Doc. 43) is **GRANTED.** Defendant **SHALL** file her Amended Answer and Affirmative Defenses *instanter*. In so ruling, the Court offers no opinion on the ultimate validity of Defendant's new defense. Further, if Plaintiffs believe that additional discovery is now required, they may file a motion. In the motion, Plaintiffs are directed to specify what additional discovery may be needed and how long they require to conduct further discovery.

**SO ORDERED.**

Dated: December 14, 2022

_____
DAVID W. DUGAN
United States District Judge