IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| H.P., a minor by her Father and Next, Friend, Erik Parker, and ERIK PARKER, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) )   Case No. 21-cv-453-DWD ) |
| TIFFANY KELLEY, | ) ) |
| Defendant. | ) |

### ORDER AUTHORIZING SETTLEMENT

**DUGAN, District Judge:**

Plaintiffs H.P., a minor, and her father, Erik Parker, filed this civil rights complaint pursuant to 42 U.S.C. § 1983 for alleged violations of their procedural and substantive due process rights under the Fourteenth Amendment and H.P.'s Fourth Amendment rights relating to H.P.'s removal from Parker's care for three months (Doc. 1). Now before the Court is Plaintiffs' Motion to Authorize Settlement and to Deposit Funds (Doc. 72). On October 4, 2023, the Court held a hearing on the Motion.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.  As such, the Court is unaware of any binding federal or local rule of civil procedure which requires the Court to approve, or disapprove, the minor settlement in this case. *See, e.g., Grintjes v. Dole Food Co.*, No. 06C997, 2007 WL 4300428, at *1 (E.D. Wis. Dec. 5, 2007) ("[W]hile parties do not need the court's approval to settle cases in federal court, they sometimes ask for the court's approval of a minor settlement so that everyone can have confidence

1

that the settlement protects the interests of the minors involved."); *c.f. Goesel v. Boley Int'l (H.K.) Ltd.*, 806 F.3d 414, 419 (7th Cir. 2015) (in a diversity case filed in the Northern District of Illinois alleging a state law claim, the district's local rule regarding minor settlements required judicial approval, and Illinois state law supplied the standard for the court's consideration of the settlement).[1]

However, because Plaintiff specifically requested the Court's approval, and further mindful that Fed. R. Civ. P. 17(c) requires the Court to safeguard the interests of litigants who are minors, the Court will review the settlement and planned disbursement.[2] Thus, the Court has reviewed Plaintiff's Motion (Doc. 72), along with the attached documents describing the settlement and the planned disbursal of settlement funds, and the reasonableness of attorney fees and costs. These documents, along with the representations made by Counsel at the hearing held on October 4, 2023, indicate: (1) that all the attorneys who worked on this case, including those representing the minor plaintiffs, acted diligently and reasonably; (2) that it is in the minor plaintiff's best interest to settle their claims; and (3) that the settlement amount and planned disbursement of settlement funds is fair and reasonable.

---

[1] Illinois law requires courts to approve or reject any settlement agreement that is proposed on behalf of a minor. *See Goesel*, 806 F.3d at 419 (citing 755 ILCS 5/19-8 (the Illinois Probate Act requires that the minor's representative obtain "leave of court" before "compound[ing] or compromise[ing] any claim or any interest of the ward."); *in accord Hernandez ex rel. Gonzalez v. Tapia*, No. 10-CV-4124, 2010 WL 5232942, at *6 (N.D. Ill. Dec. 15, 2010) (collecting cases).

[2] Fed. R. Civ. P. 17(c)(2) provides, in relevant part, that a district court "must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented [by a duly appointed representative] in an action."

2

Accordingly, the Motion to Authorize Settlement and Deposit Funds (Doc. 72) is **GRANTED**, and **IT IS ORDERED** as follows:

1. Erik Parker is granted leave to settle H.P.'s claims in this matter for the amount of $17,500.00 to fully and completely settle the minor's claim against Defendant Tiffany Kelley.

2. Erik Parker is authorized, empowered, and directed to execute a release of all claims which the minor may have against Defendant Tiffany Kelly.

3. The attorney's fees and costs as set forth in Exhibit A of Plaintiff's Motion (Doc. 72-1) are approved and ordered to be paid to the law firms Jelliffe, Doerge & Phelps and Wiggins Law, LLC.

4. As set forth in the Motion, the settlement proceeds shall be distributed as follows:

   a. Total Settlement Amount: **$17,500.00**
   b. Attorney's Fees: **$5,833.33**
   c. Pro Rata Share of Costs with Erik Parker: **$1,533.26**
   d. Net Settlement Proceeds to H.P.: **$10,133.41**

5. Erik Parker shall deposit the minor's $10,133.41 net settlement proceeds in a restricted interest-bearing account, pursuant to 755 ILCS 5/24-21, which deposit shall not be withdrawn until further order of the Court, or until the minor reaches the age of majority.

**SO ORDERED.**

Dated: October 4, 2023

/s/ David W. Dugan
DAVID W. DUGAN
United States District Judge